# JENNER&BLOCK

February 22, 2012

VIA ECF

Hon. Frederic Block
Senior District Judge
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Hon. Robert M. Levy
Magistrate Judge
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Jenner & Block LLP
919 Third Avenue
37th Floor
New York, NY 10022
Tel 212-891-1600
www.jenner.com

Chicago
Los Angeles
New York
Washington, DC

Michael W. Ross
Tel (212) 891-1669
Fax (212) 909-0840
mross@jenner.com

Re:   *NAACP New York State Conference v. N.Y.S. Board of Elections*,
      **No. 10-cv-2950(FB)(RML) (E.D.N.Y.)**

Dear Judges Block and Levy:

On behalf of Plaintiffs, we respectfully submit this letter to request that the Court dismiss Plaintiffs' claim against the City Defendants[1] and close the case, without prejudice to reopening solely in the event that the City Defendants refuse to implement the improved overvote message at the heart of Plaintiffs' settlement with the State Defendants.[2] The right to reopen Plaintiffs seek to preserve is narrow; yet the City Defendants have not agreed to this request, insisting instead upon a full dismissal with prejudice.

By way of background, on February 13, 2012 the Court dismissed Plaintiffs' claims against the State Defendants pursuant to the parties' settlement agreement. *See* Electronic Order dated Feb. 13, 2012. Under that settlement, the State Defendants have agreed to reprogram the State's voting machines to include an improved overvote message, and to implement that message throughout the State. *See* Dkt. No. 36. This new overvote message should significantly reduce the risk that voters mistakenly cast more than the permitted number of votes for a given contest.

---

[1] The "City Defendants" are the New York City Board of Elections (the "City Board"), as well as City Board Commissioners Jose Miguel Araujo, Naomi Barrera, Julie Dent, Nancy Mottola-Schacher, Juan Carlos Polanco, Michael J. Ryan, J.P. Sipp, Gregory C. Soumas, Judith D. Stupp, and Frederic M. Umane.

[2] State Defendants were the New York State Board of Elections (the "State Board"), as well as State Board Commissioners James A. Walsh, Douglas A. Kellner, Evelyn J. Aquila, Gregory P. Peterson, and State Board Co-Executive Directors Todd. D. Valentine and Robert A. Brehm.

February 22, 2012
Page 2

Following this settlement, Plaintiffs are willing to discontinue their pending claim against the City Defendants with the expectation that the City Defendants will implement the improved overvote message in New York City. *See, e.g.*, Settlement Agreement ¶¶ 4-5; N.Y. Elec. Law § 3-102 (giving State Board authority to modify procedures of county boards). Indeed, the City Defendants take the position that only the State Defendants may make changes to the overvote message. Assuming this is the case, the City Defendants should simply commit to implementing the overvote message the State Defendants have agreed to. But the City Defendants have not done so; instead, in spite of Plaintiffs' attempts to obtain it, the City Defendants have refused to provide assurance that they will abide by the State Defendants' decision.

Since the City Defendants have not made that assurance, Plaintiffs do not request outright dismissal. The City Defendants are not parties to the settlement agreement, are not independently bound by it, and have not committed to follow the direction of the State Board. Under these circumstances, Plaintiffs should be permitted to preserve the right to reassert a claim whose merits have never been adjudicated in the event that the City Defendants' own future conduct makes it necessary. *See* Fed. R. Civ. P. 41(a)(2) (permitting court to dismiss on any "terms that the court considers proper"); *Camilli v. Grimes*, 436 F.3d 120 (2d Cir. 2006). The City Defendants would retain any defenses that are currently pleaded in this action.

Moreover, dismissal with this limited carve-out would in no way prejudice the City Defendants. *See Universal Medical Marine Medical Supply, Inc. v. Lovecchio*, No. 98-cv-3495(ILG), 1999 WL 441680, at *5 (E.D.N.Y. May 7, 1999) ("A voluntary dismissal without prejudice . . . will be allowed 'if the defendant will not be prejudiced thereby.'") (quoting *D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 283 (2d Cir. 1996)). Plaintiffs have made this request promptly after settlement with the State Defendants; the case has not progressed further than the City Defendants' answer; and the requested dismissal is likely to obviate any disputes between the parties without unnecessary expenditure of litigation resources. *See id.*[3]

In short, Plaintiffs respectfully request that the Court dismiss their claim and discontinue this case against the City Defendants without prejudice to Plaintiffs reopening this matter should the City Defendants decline to implement the new overvote message.

Sincerely,

*/s/ Michael W. Ross/RTA*

Michael W. Ross

cc:   counsel of record (via ECF)

---

[3] Should the Court deem it appropriate, Plaintiffs would not object to a timeframe within which they would be required to reopen the case – for example, until 30 days after the next General Election.