

| | **THE CITY OF NEW YORK** | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **STEPHEN KITZINGER**<br>Phone: (212) 788-0849<br>Fax: (212) 788-8877<br>SKitzing@law.nyc.gov |

February 29, 2012

**BY HAND DELIVERY**

Honorable Frederic Block
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

      Re:  *NAACP v. NYS Board of Elections, et al.*
           Case No. CV 10-2950 (FB)(RML)

Dear Judge Block,

      I am the Assistant Corporation Counsel assigned to represent the Board of Elections in the City of New York and its Commissioners (collectively, the "City Defendants") in the above-referenced action and write in response to Mr. Ross's letter dated February 22, 2012, in which he requests that the Court dismiss this action "without prejudice to reopening solely in the event that the City Defendants refuse to implement the improved overvote message at the heart of Plaintiffs' settlement with the State Defendants."  For the reasons set forth below, such relief is inappropriate and the case should be dismissed with prejudice.

      Initially, it is worth noting that the stipulation of dismissal and settlement filed by plaintiffs and the State Defendants should be deemed a nullity as it was not signed by all parties to the litigation as required by Federal Rule of Civil Procedure 41(a)(1)(A)(ii).  As the City Defendants were not a party to the Stipulation of Settlement, General Release, and Order of Dismissal (the "Stipulation")(Docket No. 36-1), that provides in the first decretal paragraph that the action is dismissed with prejudice against the State Defendants, it can not be effective.

      Plaintiffs' entire litigation against the City Defendants was premised on their misguided beliefs concerning the nature and extent of the City Defendants' discretion concerning the conduct of elections.  As previously stated to both plaintiffs and the Court, the City Defendants are obligated to utilize only voting systems, including both hardware and software,

Honorable Frederic Block
February 29, 2012
Re:     *NAACP v. NYS Board of Elections, et al.*
        Case No. CV 10-2950 (FB)(RML)
Page 2

that are certified by the State Board of Elections (as well as pre-cleared pursuant to Section 5 of the Voting Rights Act).  Accordingly, if the State Board of Elections properly promulgates new software for the system in use by the City Defendants and obtains pre-clearance, the City Defendants would be obligated to utilize it at the next possible election.  Furthermore, and more significantly, plaintiffs' suggestion that the settlement provides *them* with the right and/or ability to continue this action to compel the City Defendants' compliance with a settlement to which the City was not a party, they are mistaken.  Plaintiffs, through this litigation, have not gained any rights against the City Defendants concerning the overvote message to be displayed.  Plaintiffs have offered no evidence and no findings have been made concerning whether or not the overvote message currently in use violates the Voting Rights Act as plaintiffs claim.  Accordingly, plaintiffs have no ability to seek the enforcement of anything against the non-settling City Defendants in this litigation.

For the foregoing reasons, the City Defendants respectfully request that the Court dismiss the instant action with prejudice against it.

Respectfully yours,

s/Stephen Kitzinger
Stephen Kitzinger
Assistant Corporation Counsel

cc:     Hon. Robert M. Levy
        Michael W. Ross (via ecf)
        Joel Graber (via ecf)