**JENNER&BLOCK**

March 1, 2012

Jenner & Block LLP   Chicago
919 Third Avenue    Los Angeles
37th Floor          New York
New York, NY 10022  Washington, DC
Tel 212-891-1600
www.jenner.com

VIA ECF

Michael W. Ross
Tel (212) 891-1669
Fax (212) 909-0840
mross@jenner.com

Hon. Frederic Block
Senior District Judge
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Hon. Robert M. Levy
Magistrate Judge
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *NAACP New York State Conference v. N.Y.S. Board of Elections*,
      No. 10-cv-2950(FB)(RML) (E.D.N.Y.)

Dear Judges Block and Levy:

    The City Defendants' letter confirms that the dismissal Plaintiffs seek is appropriate. Crucially, the City Defendants have represented to the Court that they are "obligated to utilize only voting systems . . . that are certified by the State Board of Elections (as well as pre-cleared pursuant to Section 5 of the Voting Rights Act)." Plaintiffs ask merely that the Court permit them to reopen this case should the City Defendants, for any reason, decline to abide by that obligation. That this request is reasonable is highlighted by the fact that the City has not identified any prejudice that would result should Plaintiffs' claim be dismissed on these terms. *See Universal Medical Marine Medical Supply, Inc. v. Lovecchio*, No. 98-cv-3495(ILG), 1999 WL 441680, at *5 (E.D.N.Y. May 7, 1999) ("A voluntary dismissal without prejudice . . . will be allowed 'if the defendant will not be prejudiced thereby.'") (quoting *D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 283 (2d Cir. 1996).

    Further, Plaintiffs do not seek to derive substantive rights against the City Defendants from their settlement with the State Defendants, as they City suggests. To the contrary, as noted in our initial letter, Plaintiffs merely seek to preserve the already-existing right to pursue their unadjudicated claim against the City Defendants should it be necessary. In opposing Plaintiffs' request – and seeking dismissal with prejudice – the City Defendants are, in effect, seeking the

March 1, 2012
Page 2

benefit of a successful motion to dismiss even though they have never made such a motion. The Court should reject this request out of hand.[1]

      For these reasons, in addition to the reasons presented in Plaintiffs' letter of February 22, 2012, Plaintiffs request that this action be dismissed as to the City Defendants without prejudice to reopening solely in the event that the City Defendants refuse to implement the improved overvote message at the heart of Plaintiffs' settlement with the State Defendants.

Sincerely,

/s/ Michael W. Ross

Michael W. Ross

cc:    counsel of record (via ECF)

---

[1] It is hardly worth mentioning the City Defendants' assertion that this Court's previous order approving Plaintiffs' settlement with the State Defendants is a nullity. The City cites no authority for this position; instead, the City posits incorrectly that the Court's order violated Rule 41(a)(1)(A)(ii), a provision governing voluntary stipulations of dismissal, while never mentioning that Rule 41(a)(2) permits the Court to dismiss an action "on terms that the court considers proper." Nor does the City mention that, as Judge Bianco recently observed, district courts in the Second Circuit follow "the majority of courts in other circuits" in concluding that a dismissal under Rule 41 "does not require dismissal of the action" against all parties. *See Blaize-Sampeur v. McDowell*, No. 05-CV-4275 (JFB)(ARL), 2007 WL 1958909, at *2 (E.D.N.Y. June 29, 2007).