UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NAACP NEW YORK STATE CONFERENCE, as an
organization and representative of its members,
NATIONAL COALITION ON BLACK CIVIC
PARTICIPATION, as an organization and
representative of its members, FAMILIES UNITED
FOR RACIAL AND ECONOMIC EQUALITY, as an
organization and representative of its members,
WORKING FAMILIES PARTY, as a political party
and representative of its members, VIVIAN BOSIER,
ANITA BURSON, and SHEILA DUNCAN,

                Plaintiffs,

   -against-

NEW YORK STATE BOARD OF ELECTIONS,
JAMES A. WALSH, DOUGLAS A. KELLNER,
EVELYN J. AQUILA, and GREGORY P. PETERSON,
in their official capacities as Commissioners of the
New York State Board of Elections, TODD D.
VALENTINE and ROBERT A. BREHM, in their
official capacities as Executive Directors of the New
York State Board of Elections, NEW YORK CITY
BOARD OF ELECTIONS, and JOSE MIGUEL
ARAUJO, NAOMI BARRERA, JULIE DENT,
NANCY MOTTOLA-SCHACHER, JUAN CARLOS
POLANCO, MICHAEL J. RYAN, J.P. SIPP,
GREGORY C. SOUMAS, JUDITH D. STUFF, and
FREDERIC M. UMANE, in their official capacities as
Commissioners of the New York City Board of
Elections,

                Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 10-CV-2950(FB)(RML)

*Appearances*:
*For the Plaintiffs*:
MICHAEL W. ROSS, ESQ.
Jenner & Block LLP
919 Third Avenue, 37th Floor
New York, NY 10022

*For the Defendants*:
STEPHEN KITZINGER, ESQ.
City of New York Law Department
100 Church Street
New York, NY 10007
JOEL GRABER, ESQ.
N.Y. State Attorney General, Litigation
120 Broadway, 24th Floor
New York, NY 10271

**BLOCK, Senior District Judge:**

NAACP New York State Conference, National Coalition on Black Civil Participation, Families United for Racial and Economic Equality, Vivan Bosier, Anita Burson, and Sheila Duncan (collectively, "plaintiffs") brought this action against the New York State Board of Elections, several individual Commissioners of the New York State Board of Elections, several individual Executive Directors of the New York State Board of Elections (collectively, the "State defendants"), the New York City Board of Elections, and ten individual commissioners of the New York City Board of Elections (collectively, the "City defendants") challenging the use of a voting machine display message which increases the risk that voters will inadvertently cast "overvotes." Voting machines record overvotes when they misread a voter's ballot as including more than the permitted number of votes. The result is that the voter's vote is not counted.

**I**

On February 10, 2012, the parties informed the court that plaintiffs and the State defendants had reached a settlement agreement, resulting in the adoption of a new "overvote message" for voting machines. On February 13, 2012, the court entered an order dismissing plaintiff's case against the State defendants.

On February 22, 2012, plaintiffs submitted a letter requesting "that the Court dismiss Plaintiff's claim against the City Defendants and close the case, without prejudice to reopening solely in the event that the City Defendants refuse to implement the overvote message at the heart of Plaintiff's settlement with the State Defendants." Pl's Letter at 1. On February 29, 2012, the City defendants responded, requesting that the case be dismissed *with*

<pre>                            2</pre>

prejudice. Accordingly, the only remaining issue in this case is whether plaintiff's claims against the City defendants should be dismissed with prejudice or without.

## II

According to Federal Rule of Civil Procedure 41(a)(2), "absent agreement between the parties, 'an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011) (quoting Fed. R. Civ. P. 41(a)(2)). "Unless the order states otherwise, a dismissal undre this [Rule 41(a)(2)] is without prejudice." Fed R. Civ. P. 41(a)(2).

The Second Circuit has noted "[t]wo lines of authority. . . with respect to the circumstances under which a dismissal without prejudice might be improper." *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006). The first provides "that such a dismissal would be improper if the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Id.* (internal quotation marks omitted). The second provides that "the test for dismissal without prejudice involves consideration of various factors, known as the *Zagano* factors." *Id.* (citing *D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 283 (2d Cir. 1996) and *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990)). The *Zagano* factors include: "(1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss." *Id.*

## III

The City defendants have not argued that they would suffer any "plain legal

3

prejudice" if this action were dismissed without prejudice. The Second Circuit has defined "plain legal prejudice" as "the plight of a defendant who is ready to pursue a claim against the plaintiff in the same action that the plaintiff is seeking to have dismissed," for example where "the cause has proceeded so far that the defendant is in a position to demand on the pleadings an opportunity to seek affirmative relief and he would be prejudiced by being remitted to a separate action." *Id.* The City defendants have not suggested that dismissal without prejudice would harm any potential counterclaims, or prevent them from receiving relief to which they are entitled. Instead, the City defendants argue that any lawsuit brought by plaintiffs at a later date would fail because the settlement with the State defendants does not provide any rights "to compel the City Defendants' compliance with a settlement to which the City was not a party." Def's Letter at 2. The merits of a hypothetical second lawsuit are not relevant to the question of whether dismissal without prejudice would impose a "plain legal prejudice," and the court will not, for the purposes of this motion, address the extent to which plaintiffs do or do not possess any rights against the City defendants. *See Harlem Teams for Self-Help, Inc. v. Abyssinian Baptist Church of the City of N.Y.*, 189 F.R.D. 284, 286 (S.D.N.Y. 1999) ("To the extent that Plaintiff's case proves to be as 'frivolous' as Defendants claim, Defendants will be able readily to re-group and re-assert their argument, if, as and when the action were to be brought again in the future.")

With respect to the *Zagano* factors, plaintiffs were diligent in moving to dismiss the claims against the City defendants only 11 days after dismissal of the case against the State defendants. *See Hinfin Realty Corp. v. Pittston Co.*, 206 F.R.D. 350, 355-56 (E.D.N.Y. 2008) ("The Court finds that the plaintiffs were diligent in bringing their motion to dismiss the

4

action without prejudice because they filed it immediately after the events that led to their decision not to pursue the action at this time."). The City defendants have not claimed that plaintiffs have done anything "vexatious." The City defendants have also conceded that plaintiffs "have not gained any rights against the City defendants" in this litigation and that "no findings have been made concerning whether or not the overvote message currently in use violates the Voting Rights Act." Def's Letter at 2. Thus, the lawsuit has not progressed past the very earliest stages, and there would be no "duplicative expense" of relitigation. Plaintiffs' explanation of the need to dismiss is adequate – in light of the settlement with the State defendants, there is no need to proceed with claims against the City defendants, who by their own admission are obligated to comply with State-level election policies. Accordingly, all of the *Zampano* factors weigh in favor of dismissing plaintiffs' claims against the City defendants without prejudice.

## IV

For the foregoing reasons, plaintiffs' motion to dismiss without prejudice is granted.

**SO ORDERED.**   /s/ Judge Frederic Block

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 8, 2012

5